See also 2008 WL 2227501.

**SPALDING LABORATORIES, INC.,**
**Plaintiff—Appellant,**

**v.**

**ARIZONA BIOLOGICAL CONTROL,**
**INC., Defendant—Appellee.**

**Spalding Laboratories, Inc.,**
**a California corporation,**
**Plaintiff—Appellant,**

**v.**

**Arizona Biological Control, Inc., dba**
**Arbico Organics, an Arizona cor-**
**poration, Defendant—Appellee.**

**No. 07–56876.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 2009.

Filed Sept. 9, 2009.

Amy E. Margolin, Brad W. Blocker, Jerome B. Jr. Falk, Simona Agnolucci, for Plaintiff–Appellant.

John B. Sullivan, Scott J. Hyman, Kristin L. Walker, Eric J. Troutman, Jan T. Chilton, for Defendant–Appellee.

Before: CANBY, WARDLAW, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Spalding Laboratories, Inc. ("Spalding") appeals from the district court's grant of judgment as a matter of law in favor of Arizona Biological Control, Inc., et. al. ("Arbico"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse.

The jury could have reasonably concluded that Arbico's advertisements were literally false or that the advertisements confused or misled a significant portion of their target audience. *See, e.g., Southland Sod Farms v. Stover Seed Co.,* 108 F.3d 1134, 1144–45 (9th Cir.1997); *see also* 15 U.S.C. § 1125(a) (setting forth elements of a Lanham Act violation for false or misleading advertising). For instance, Dr. Peterson testified that the number of emerged parasites would "definitely" be lower than the number of larvae contained in a pupa, a fact that would support a finding of literal falsity if Arbico's claims were found to refer to emerged insects. The jury also could have reasonably concluded that Spalding's shipments of Fly Predators contained as many as 10,000 to 15,000 larvae. Had the jury drawn that conclusion, it could have found Arbico's advertisements to be literally false even if larvae, not emerged insects, were the relevant unit of analysis. Finally, the jury was told that Spalding experienced a spike in consumer inquiries in response to Arbico's advertisements and that many Spalding customers defected to Arbico. If the jury found this testimony to be credible, it could have concluded that a significant segment of Arbico's audience was misled by the advertisements at issue. On this record, issuance of judgment as a matter of law was legally erroneous.

Spalding requests that we instruct the Clerk for the District Court for the Central District of California to assign this case to a different judge upon remand. Without determining whether the district court judge currently assigned would be able to proceed impartially, we conclude that reassignment is appropriate to preserve the appearance of justice. Because a new trial will be required in any event, "the minimal potential for waste or duplication of judicial resources is outweighed by the need to proceed in a manner that preserves the appearance of justice." *In re Ellis,* 356 F.3d 1198, 1211 (9th Cir.2004).

In light of the foregoing, we do not reach Spalding's challenges to the district court's evidentiary rulings nor Spalding's appeal of the fee award. The Clerk is instructed to reassign this case.

**REVERSED and REMANDED with instructions.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.